IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 03-271** |
| | ) | **Electronically Filed** |
| **WILLIAM MARTIN HAAS** | ) | |

## MEMORANDUM OPINION AND ORDER

On June 14, 2006, the United States Court of Appeals for the Third Circuit vacated defendant William Martin Haas's conviction and sentence, and remanded his case to this Court for a new trial.  *United States v. Haas*, 184 Fed.Appx. 230 (3d Cir. 2006).  Retrial is scheduled for January 29, 2007.

Defendant is charged with one count of violating Title 18 U.S.C. § 922(g)(1), for being a convicted felon knowingly in possession of a .357 Magnum Smith & Wesson Revolver found in a bag in the toolbox of his pick-up truck, along with gloves and a wig, on or about March 21, 2003, and Title 18 U.S.C. § 924(e) (the Armed Career Criminal statute).  In his first trial, defendant denied possessing that firearm, and presented the defense that it belonged to the passenger in his truck, Paul Meyers.

In order to establish a violation of Title 18 U.S.C. § 922(g)(1), the government must prove each of the following elements beyond a reasonable doubt: (1) that the defendant previously was convicted of a crime punishable by a term of imprisonment exceeding one year; (2) that the defendant knowingly possessed a firearm; and, (3) that the defendant's possession of the firearm was in or affecting interstate commerce. *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir.2000).   To prove the "knowingly possessed" element of a § 922(g)(1) violation, the government must prove only the defendant's awareness that he possessed the firearm, and need

not demonstrate that the defendant possessed it with the intent to cause harm or with knowledge that the possession was unlawful. *Id.*, 225 F.3d at 344.

At his first trial, defendant sought to exclude evidence that he had previously committed two robberies: a McDonald's Restaurant in South Fayette Township on December 23, 1991, and Frank and Shirley's Restaurant in Pittsburgh on March 19, 2003, just two days before his arrest for possession of the firearm on March 21, 2003.  The Court of Appeals described the significance of the Frank and Shirley's robbery as follows:

> Furthermore, the wig found with the gun in the bag in the toolbox [on March 21, 2003] could be linked to Haas by his girlfriend's testimony and by DNA evidence, and the restaurant cashier, Manfredo, would testify that the robber who used the gun wore a wig. Manfredo identified [co-defendant] Meyers as the getaway driver, and her description of the other robber's disguise and gun was consistent with the items found in Haas's truck. Thus, argued the government, the combination of Manfredo's testimony, Meyers' testimony, and the wig combined to make out a possession case against Haas.

*Haas*, 184 Fed.Appx. at 232.

In the first trial, this Court granted defendant's motion in limine with respect to the 1991 robbery, but denied it as to the Frank and Shirley's robbery.  The Court agreed with the government "that the evidence of the robbery of Frank and Shirley's is *direct, intrinsic* evidence of defendant's possession of the .357 Magnum, because Paul Myers (who was with defendant on March 21, 2003, when defendant was arrested, his pick-up trucked searched outside his probation office, and the .357 Magnum seized from the locked truck box) will testify that defendant used that same firearm and other items found in the locked box to commit the robbery two days earlier."  Memorandum Opinion (doc. no. 36), July 7, 2004, at 1-2.

The Court of Appeals disagreed with this Court's view of that evidence as "intrinsic" to

the possession charge, holding that, under *United States v. Cross*, 308 F.3d 308 (3d Cir. 2002),

"evidence is 'intrinsic' if it directly proves the charged offense. . . . Whatever probative value the

evidence about Haas's activities on the 19th may have had, it did not directly prove that Haas

possessed the gun on the 21st. To hold otherwise would be to strip the words "directly prove" of

all meaning. The District Court erred, therefore, and the only route to admissibility for the

robbery evidence is through [Fed.R.Evid.] 404(b)."  *Haas*, 184 Fed.Appx. at 234.

In *United States v. Daraio*, 445 F.3d 253 (3d Cir. 2006), the Court of Appeals for the

Third Circuit laid out the standards for determining whether evidence of another crime or bad act

is admissible under Rule 404(b), as follows:

> Rule 404(b) governs the admissibility of evidence of "other crimes, wrongs, or
> acts." It provides, in relevant part, that "[e]vidence of other crimes, wrongs or
> acts is not admissible to prove the character of a person in order to show action
> in conformity therewith. It may, however, be admissible for other purposes,
> such as proof of motive, opportunity, intent, preparation, plan, knowledge,
> identity, or absence of mistake or accident." We have recognized that "Rule
> 404(b) is a rule of inclusion rather than exclusion." . . .   In general, we favor
> the admission of Rule 404(b) evidence when it is relevant for any other
> purpose than to show the defendant's propensity to commit the charged offense.

> \*   \*   \*

> To demonstrate a proper purpose, the government must "proffer a
> logical chain of inference consistent with its theory of the case." *United States
> v. Sampson*, 980 F.2d 883, 888 (3d Cir. 1992). After the government has
> specified such a purpose, unless the reason that the evidence is proper is plainly
> obvious, the district court must "articulate reasons why the evidence also goes
> to show something other than character" by putting this "chain of inferences
> into the record." *Id*. Furthermore, "[w]here such other purposes do exist,
> protections against improper admission nevertheless remain in Rule 104
> relevancy standards and in Rule 403's requirement that probative value yet be
> balanced against the risk of 'unfair prejudice.' " . . .  Thus, we apply a four-part
> test to determine the admissibility of Rule 404(b) evidence: "(1) the evidence
> must have a proper purpose; (2) it must be relevant; (3) its probative value
> must outweigh its potential for unfair prejudice; and (4) the court must charge

the jury to consider the evidence only for the limited purposes for which it is admitted."

\*   \*   \*

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

*Daraio*, 445 F.3d at 263-64 (footnote and most citations omitted).

In this case, the Court of Appeals resolved the first two parts of the Rule 404(b) test, finding that the robbery evidence "satisfied at least two of the legitimate purposes suggested in 404(b): knowledge, and absence of mistake," and that the evidence was relevant because, if defendant "used the gun two days earlier while wearing gloves and a wig, it is more likely that its presence in his truck, in a bag with gloves and a wig, was due to its being his gun, than to its having been secreted there without Haas's knowledge." *Haas*, 184 Fed.Appx. 234.

The Court of Appeals left it to this Court upon remand to perform the third and fourth parts of the test, *i.e.*, to conduct the Rule 403 balancing and, if requested, to "give a limiting instruction restricting consideration of the robbery evidence to any permissible purposes for which it was admitted." *Haas*, 184 Fed.Appx. at 235.  In making that balance of probative value versus unfair prejudice, the Court of Appeals remarked that Rule 403 "creates a presumption of admissibility," that evidence "cannot be excluded under Rule 403 merely because its unfairly prejudicial effect is greater than its probative value [but only where the district court concludes that] its unfairly prejudicial effect 'substantially outweighs' its probative value." *Id*. at 234.  The Court of Appeals also observed that "when evidence is highly probative, even a large risk of unfair prejudice may be tolerable."

After careful consideration of defendant's motion in limine and the government's response, and with the guidance of the Court of Appeals and having heard all of the testimony at the first trial, the Court finds that the probative value is very high, the prejudice is high also but not *unfairly* high, and that the probative value substantially outweighs the prejudicial effect, not *vice versa*.   Indeed, the Court of Appeals considered the Frank and Shirley's robbery to be "*central to the case against Haas*." *Id*. at 232 (emphasis added).[1]

While the robbery evidence may not have been "direct," so that the Court of Appeals could not find it "intrinsic" to the March 21, 2003 possession charge, it certainly is powerful circumstantial evidence, especially when considered in conjunction with Meyers' testimony, the gloves, wig and DNA evidence, which supports the inference that the gun found with the gloves and the wig in the box on defendant's truck belonged to defendant.

Accordingly, the presumption of admissibility prevails, and the Court will permit the government to introduce the evidence of the robbery at Frank and Shirley's, subject of course to an appropriate limiting instruction.  The government has submitted a proposed limiting jury instruction in its response, but the Court will direct the government and the defendant to attempt to agree on an appropriate and case specific limiting instruction on or before January 18, 2007.

---

[1] The Court of Appeals explained that:

> Without evidence of the robbery, the government would have been forced to argue constructive possession based on Haas's control over his truck, and Haas's defense - that the gun found in the toolbox belonged to Meyers - might have been effective. There was, after all, no direct physical evidence, such as fingerprints, connecting Haas to the gun, and there was considerable doubt as to whether the toolbox had actually been locked as the government contended. In any event, the keys had been in the truck during the entire time Haas was in the probation office, so Meyers had ready access to the toolbox.

*Haas*, 184 Fed.Appx. at 232.

**AND NOW,** this **15th day of December, 2006**, **IT IS HEREBY ORDERED** that defendant's Motion in Limine (Document No. 92) is **DENIED**.


s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:     All counsel of record